## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

Matthew Thomas Panetti,

      Defendant.

File No. 24-CR-00324 (JMB/DJF)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

This matter is before the Court on a Report and Recommendation issued by Magistrate Judge Dulce J. Foster (R&R). (Doc. No. 64.) The R&R recommends denying Panetti's Motion to Suppress Statements Obtained During a Custodial Interrogation (Doc. No. 41) because Panetti's exchange with law enforcement officers did not constitute an interrogation and because Panetti's statements were voluntary utterances. The Magistrate Judge further found that the evidence at issue would be admissible under the independent source and inevitable discovery doctrines. For the reasons discussed below, the Court overrules Panetti's Objections, adopts the R&R, and denies Panetti's Motion to Suppress Statements.

### BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated here by reference. Because the R&R provides a detailed history, the Court only briefly summarizes it here.

1

The Government charged Panetti with a single count of Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(4) and 2252(b)(2). (Doc. No. 1.) A separate investigation involving counterfeiting cash led to the charges in this case. Panetti filed a Motion to Suppress his statements to law enforcement and evidence seized from a shed on his property. (Doc. No. 41.) The Magistrate Judge issued an R&R that recommends denying the Motion to Suppress. (Doc. No. 64.)

## DISCUSSION

This Court reviews de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); D. Minn. L.R. 72.2(b). In his Objections, Panetti argued that his statements were made in response to interrogation in violation of *Miranda*. The Court overrules Panetti's Objections for two independent reasons: because his statements were not made pursuant to an interrogation and because law enforcement officers seized the phone based on separate lawful means.

First, the Court adopts the Magistrate Judge's recommended conclusion that Panetti's statements did not violate *Miranda*. The Supreme Court has said that "the term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980). A "voluntary statement made by a suspect, not in response to interrogation, is not barred and is admissible with or without the giving of *Miranda* warnings." *United States v. Turner*, 157 F.3d 552, 556 (8th Cir. 1998). Furthermore, "[a]n officer's request for clarification of a

spontaneous statement generally does not constitute interrogation." *United States v. Chipps*, 410 F.3d 438, 445 (8th Cir. 2005); *see also Butzin v. Wood*, 886 F.2d 1016, 1018 (8th Cir. 1989) ("An officer's attempt to seek clarification of an ambiguous statement is not generally construed as interrogation for *Miranda* purposes if the question does not enhance the defendant's guilt or raise the offense to a higher degree." (citation modified)).

Here, Panetti voluntarily initiated the conversation about his phone when he asked officers, "Can I get my phone?" (Def. Ex. 2 at 2.) There is nothing inherently incriminating about having a phone, and so the officers' questions about Panetti's phone are not those that "the police should know are reasonably likely to elicit an incriminating response from the suspect." *Innis*, 446 U.S. at 301. The officers' subsequent statements—"No, we'll get it," "Yeah, where's your phone at?" and "Where's your phone at, Matt?"—were natural responses to Panetti's spontaneous and voluntary reference to his phone, and the officers' questions appropriately clarified his answers. Panetti's statements about the shed and its contents were similarly voluntary. Panetti told officers, "The stuff that I was using is in the wooden place down there," to which law enforcement responded, "That stuff? What stuff?" and Panetti answered, "The like printer and stuff." (Def. Ex. 2 at 2.) Law enforcement's statements, "That stuff? What stuff?" were mere clarifying questions in response to Panetti's unprompted and ambiguous reference to "stuff." Panetti's exchange with law enforcement therefore did not constitute an interrogation under *Miranda*.

Second, in the alternative, the Court also adopts the Magistrate Judge's recommended conclusion that the seizure of the phone was valid under the independent source doctrine. The independent source doctrine applies if an item "would have been

acquired by lawful means . . . and in fact was acquired (or reacquired) by these lawful means." *United States v. Baez*, 983 F.3d 1029, 1037 (8th Cir. 2020). In this case, the officers were aware of the shed because they saw Panetti emerging from the shed when they arrived. (Doc. No. 54 at 23:5–12.) This observation, together with the fact that law enforcement officers had both observed a printer and counterfeit money inside the shed in plain view (*id.* at 47:1–13), and the fact that the first search warrant authorized law enforcement officers to search the entire property (*id.* at 18:24–25), provided a lawful basis to search the shed. Law enforcement officers also obtained a second search warrant to search the shed, and seized Panetti's cell phone pursuant to this warrant. (Doc. No. 54 at 52:4–6, 53:1–3; *see also* Gov't Ex. 2.) Panetti does not make any argument in his objection challenging the lawfulness of this second search warrant, which did not contain any reference to Panetti's statements. (Doc. No. 54 at 49:10–12; *see also* Gov't Ex. 2.) Therefore, even assuming that Panetti had not made any statement to police, law enforcement officers would still have decided to search the shed. (Doc. No. 54 at 48:19–24.) Because there was a separate lawful basis to search the shed and because law enforcement officers recovered the cell phone as they executed the second search warrant, the Court concludes that there was a lawful basis to seize the phone and the other contents of the shed.[1]

---

[1] The Court need not address the Government's other alternative argument that the inevitable-discovery doctrine applies because the Court concludes that there was a lawful basis to seize the contents of the shed under the independent-source doctrine.

Based on the foregoing, and on all of the files, records, and proceedings herein, IT

IS HEREBY ORDERED THAT:

1.    Defendant Matthew Thomas Panetti's Objections to the Report and Recommendation (Doc. No. 72) are OVERRULED.

2.    The Report and Recommendation (Doc. No. 64) is ADOPTED.

3.    Defendant Panetti's Motion to Suppress Statements Obtained During a Custodial Interrogation (Doc. No. 41) is DENIED.

Dated:  September 26, 2025                              /s/ *Jeffrey M. Bryan*
                                                       Judge Jeffrey M. Bryan
                                                       United States District Court